IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICOLE JEAN ROGERS,

    Plaintiff,                      No. CIV S 10-0308 MCE GGH PS

    vs.

ROGERS JEWELRY,

    Defendant.                    ORDER

_____/

        Plaintiff has not paid the fee ordinarily required to file an action in this court, and has filed an incomplete application to proceed without prepayment of fees. See 28 U.S.C. §§ 1914(a), 1915(a). The application states that plaintiff has received money from other sources in the past twelve months, but she does not describe the source of this money. Plaintiff will be provided the opportunity to submit either the appropriate affidavit in support of a request to proceed in forma pauperis or the appropriate filing fee.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine its jurisdiction or whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). The complaint is simply a string of conclusions bereft of any facts supporting the conclusions. Although the Federal Rules adopt a

1  flexible pleading policy, a complaint must give fair notice and state the elements of the claim
2  plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).
3  Plaintiff must allege with at least some degree of particularity overt acts which defendants
4  engaged in that support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the
5  requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,
6  however, grant leave to file an amended complaint.

7       If plaintiff chooses to amend the complaint, plaintiff must set forth the
8  jurisdictional grounds upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further,
9  plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of
10 plaintiff's federal rights.  See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).

11      In addition, plaintiff is informed that the court cannot refer to a prior pleading in
12 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
13 complaint be complete in itself without reference to any prior pleading.  This is because, as a
14 general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375
15 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
16 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
17 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

18      In accordance with the above, IT IS HEREBY ORDERED that:

19      1. Plaintiff shall submit, within twenty days from the date of this order, either a
20 completed application and affidavit in support of her request to proceed in forma pauperis on the
21 form provided by the Clerk of Court, or the appropriate filing fee; plaintiff's failure to comply
22 with this order will result in a recommendation that this action be dismissed.

23      2. The Clerk of the Court is directed to send plaintiff a new Application to
24 Proceed In Forma Pauperis.

25      3. Plaintiff's complaint is dismissed.

26 \\\\\

1    4.  Plaintiff is granted twenty-eight (28) days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: May 19, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Rogers0308.ifp.amd.wpd

4